IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| PHILIP J. POHL #408856 | § | |
| v. | § | CIVIL ACTION NO. 9:06cv4 |
| BRAD LIVINGSTON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Philip Pohl, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Pohl complains of the procedures used in denying him parole. He says that: the Texas Parole Board is ignoring the law and making up its own procedures; the Parole Board did not properly evaluate all of the positive aspects of his life; the Parole Board did not consider his claims that he is innocent and was wrongly convicted; he is supposed to have annual parole reviews but instead received a three-year set-off; good time was wrongfully removed from his record; the Parole Board keeps a "secret file" which contains erroneous information; he worked for TDCJ-CID as an occupational therapy assistant but was denied work time credits; he is not a danger to society and is not a pedophile, despite having been convicted on a guilty plea of aggravated sexual assault and indecency with a child; and his conviction is the fault of his ex-wife, his daughters, and the low moral code of the State of Texas, a fact which is not in his parole file.

After review of the complaint, the Magistrate Judge issued a Report on March 24, 2006, recommending that the lawsuit be dismissed. The Magistrate Judge observed that Texas prisoners

have no constitutional right to nor liberty interest in parole, a fact which forecloses challenges to state parole review procedures on procedural or substantive grounds. *See* Johnson v. Rodriguez, 110 F.3d 299, 308-09 (5th Cir. 1997). The Magistrate Judge also concluded that Pohl's claims under the Ex Post Facto Claims lacked merit, that the good time which he earned did not reduce his sentence and only advanced his parole eligibility, since he is not eligible for release on mandatory supervision, that his claim that his three-year set-off was "a new sentence" was without merit, and that the claim that his parole records contained allegedly false information did not set out a constitutional claim. Pohl filed objections to the Magistrate Judge's Report on April 3 and April 5, 2006.

In his first set of objections, Pohl cites Wilkinson v. Austin, 125 S.Ct. 2384 (2005), which he says holds that interests created by state law are enforceable under the U.S. Constitution and that a liberty interest exists in parole. He says that the denial of his parole was based on "hate" and that he has suffered tremendously from having been labeled as "an old white baby raper." He says that his parole interview was "a total farce" and that he was only asked about his intended address and "where he went to church." He says that he was convicted because his "grown adult daughters did not have enough spending money and their mother wanted the estate intact so she could return to Colorado to be with her homosexual lover," but the Parole apparently did not consider these facts.

Next, Pohl says that he is serving a "clandestine death sentence" and that when he received his sentence, a life sentence was considered be to the equivalent of 60 years. He says that his lawyer "did not know about aggravated sentences," which caused him to have to serve an additional 13 years, and again complains that the denial of parole was "a hate crime." He says that the Texas Code of Criminal Procedure says that inmates "shall be released" upon application of flat time and good time to their sentences and argues that he is eligible for mandatory supervision because an earlier time sheet said so, but later time sheets have been altered to say that he is not.

In his second set of objections, Pohl again argues that he was supposed to become eligible for release on mandatory supervision after serving 20 years. He says that he has a liberty interest in mandatory supervision because of the use of mandatory language. He says that he is not trying to

reduce the duration of his sentence, but merely to gain release so that he can continue to serve his sentence out of prison and under supervision. He says that parole and mandatory supervision are different, although the Parole Board is trying to treat them the same, and that "discretionary mandatory supervision" is an oxymoron.

Pohl's objections are without merit. The Wilkinson decision did not concern whether or not there was a liberty interest in parole *per se*, but whether or not there was a liberty interest in remaining free from placement in Ohio's supermax prison. One aspect of placement in the supermax prison was that inmates placed there lost their parole eligibility. The fact that the Supreme Court concluded that a liberty interest existed in avoiding placement in the supermax prison does not mean that there is a liberty interest in parole, a claim which the Fifth Circuit has routinely rejected. *See, e.g.*, Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991). The remainder of Pohl's claims in his first set of objections are challenges to the procedures attendant to the parole decision, which as the Magistrate Judge correctly stated, are foreclosed by the lack of a liberty interest in release on parole. Johnson v. Rodriguez, 110 F.3d at 309.

In his second set of objections, Pohl argues that he is eligible for mandatory supervision, arguing that when he was sentenced in 1985, it was understood that life sentences were the equivalent of 60 years. However, the Fifth Circuit has held, following the Texas Court of Criminal Appeals, that inmates serving life sentences are not eligible for release on mandatory supervision because it is mathematically impossible to calculate their release date. Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002); Ex Parte Franks, 71 S.W.3d 327, 328 (Tex.Crim.App. 2001). Pohl's argument that life sentences were considered to be the equivalent of 60-year sentences, giving rise to mandatory supervision eligibility in 20 years, is the precise position taken by the dissent in Franks, which was rejected by the majority. See Franks, 71 S.W.3d at 329 (Johnson, J., dissenting). Pohl's contention that he is eligible for mandatory supervision, despite his life sentence, is simply incorrect, and his objections are without merit.

The Court conducted a careful *de novo* review of the Plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in this case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. It is further

ORDERED that any and all motions which may be pending in this lawsuit are hereby DENIED.

So **ORDERED** and **SIGNED** this **18** day of **April, 2006.**

_____
Ron Clark, United States District Judge